IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01950-BNB

DEMETRIUS THOMAS,

     Applicant,

v.

TRAVIS TRANI, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

     Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

     Applicant, Demetrius Thomas, initiated this action by filing *pro se* an Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1), a Motion and

Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R.

App. P. 24 in a Criminal Case (ECF No. 3), and a "Motion for Permission to Exceed

Page Limit 25 pgs" (ECF No. 4).  On July 30, 2014, Mr. Thomas filed a second "Motion

for Permission to Exceed Page Limit" (ECF No. 7) and he filed on the proper form a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a

Habeas Corpus Action (ECF No. 8).  Mr. Thomas will be granted leave to proceed *in

forma pauperis* pursuant to 28 U.S.C. § 1915.

     The court must construe the application liberally because Mr. Thomas is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Thomas will be ordered to file an amended application.  Because Mr.

Thomas will be ordered to file an amended application, the motions seeking leave to

exceed the page limitation with respect to the original application will be denied as moot.

The application is deficient because Mr. Thomas fails to provide a clear

statement of each of the more than twenty claims he is asserting in the application.

First, it is not clear whether all of the claims Mr. Thomas is asserting are federal

constitutional claims.  Review under 28 U.S.C. § 2254 is limited to alleged violations of

federal law.  *See* 28 U.S.C. § 2254(a); *Davis v. Workman*, 695 F.3d 1060, 1078 (10th

Cir. 2012).  Second, Mr. Thomas frequently combines multiple claims in a confusing

manner that makes it difficult to ascertain the specific claims he is asserting.  For

example, Mr. Thomas argues in claim 4 in the application that he is actually innocent

based on new evidence, that certain statements were involuntary and inadmissible, and

that trial counsel was ineffective by failing to request an intoxication instruction and

failing to introduce evidence of Mr. Thomas' mental health status.  Similarly, claim 5 in

the application includes allegations regarding a number of issues including the denial of

a motion for counsel and a hearing based on newly discovered evidence, ineffective

assistance of counsel, cruel and unusual punishment, abuse of the writ, and tolling

arguments.  Finally, Mr. Thomas fails to provide a clear statement of the specific factual

allegations that support each claim and that demonstrate his federal constitutional rights

have been violated.

For these reasons, Mr. Thomas must file an amended application.  Pursuant to

Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United

States District Courts, Mr. Thomas must identify the specific federal constitutional

claims he is asserting and the specific factual allegations that support each asserted

claim.  These habeas corpus rules are more demanding than the rules applicable to

ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S.

644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead

with particularity is to assist the district court in determining whether the State should be

ordered to 'show cause why the writ should not be granted.'"  *Id.* at 656 (quoting 28

U.S.C. § 2243).  Naked allegations of constitutional violations are not cognizable in a

habeas corpus action.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per

curiam).  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 8) is GRANTED and

the Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915

and Fed. R. App. P. 24 in a Criminal Case (ECF No. 3) is DENIED as moot.  It is

FURTHER ORDERED that Mr. Thomas file an amended application that

complies with this order **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that Mr. Thomas shall obtain the court-approved

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the

assistance of his case manager or the facility's legal assistant), along with the

applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Thomas fails to file an amended application that

complies with this order within the time allowed, the action will be dismissed without

further notice.  It is

FURTHER ORDERED that the "Motion for Permission to Exceed Page Limit 25

pgs" (ECF No. 4) and the "Motion for Permission to Exceed Page Limit" (ECF No. 7) are DENIED as moot.

DATED July 31, 2014, at Denver, Colorado.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge