IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Lewis T. Babcock

Civil Action No. 14-cv-01950-LTB

DEMETRIUS THOMAS,

      Applicant,

v.

TRAVIS TRANI, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER TO DISMISS IN PART

---

      Applicant, Demetrius Thomas, is a prisoner in the custody of the Colorado

Department of Corrections.  Mr. Thomas initiated this action by filing *pro se* an

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).  On

September 2, 2014, Mr. Thomas filed an amended Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 12) (the "Amended Application").  He is

challenging the validity of his conviction and sentence in El Paso County District Court

case number 07CR308.

      On September 16, 2014, Magistrate Judge Boyd N. Boland ordered

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or

both of those defenses in this action.  On November 7, 2014, Respondents filed their

Pre-Answer Response (ECF No. 20) apparently arguing that this action is untimely and that all but one of Mr. Thomas' claims are unexhausted or procedurally defaulted.  On December 2, 2014, Mr. Thomas filed a Reply to Pre-Answer Response (ECF No. 22) arguing, in part, that the one-year limitation period should be equitably tolled.

On December 3, 2014, Magistrate Judge Gordon P. Gallagher entered an order giving Respondents an opportunity to file a supplement to the Pre-Answer Response that addresses Mr. Thomas' equitable tolling arguments.  On December 19, 2014, Respondents filed their Supplemental Pre-Answer Response (ECF No. 24).  On January 15, 2015, Mr. Thomas filed a reply (ECF No. 25) to the Supplemental Pre-Answer Response.  On April 7, 2015, Magistrate Judge Gallagher directed Respondents to submit the state court record.

The Court must construe the Amended Application and other papers filed by Mr. Thomas liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action in part.

## I. BACKGROUND

Mr. Thomas was convicted by a jury of first degree assault.  The judgment of conviction was affirmed on direct appeal.  *See People v. Thomas*, No. 08CA1492 (Colo. App. May 20, 2010) (unpublished) (ECF No. 20-3).  On August 16, 2010, the Colorado Supreme Court denied Mr. Thomas' petition for writ of certiorari on direct appeal.  (*See* ECF No. 20-5.)

On March 4, 2011, Mr. Thomas filed in the trial court a postconviction motion

pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 20-1 at 10.) On June 17, 2011, the trial court denied the Rule 35(c) motion. (*See id.*) The trial court's order was affirmed on appeal. *See People v. Thomas*, No. 11CA1572 (Colo. App. Jan. 24, 2013) (unpublished) (ECF No. 20-8). Mr. Thomas did not file a petition for rehearing or seek review in the Colorado Supreme Court. The mandate was issued on March 22, 2013.

On March 15, 2013, Mr. Thomas filed in the trial court a second postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF No. 20-1 at 8.) On April 12, 2013, the trial court denied the second Rule 35(c) motion as successive. (*See id.*) The trial court's order denying the second Rule 35(c) motion was affirmed on appeal because the second Rule 35(c) motion contained only claims that were, or could have been, raised and resolved in a prior appeal or postconviction proceeding. *See People v. Thomas*, No. 13CA0806 (Colo. App. May 15, 2014) (unpublished) (ECF No. 20-11). Mr. Thomas did not file a petition for rehearing or seek review in the Colorado Supreme Court. The mandate was issued on July 11, 2014.

The instant action was commenced on July 14, 2014. In their Pre-Answer Response Respondents identify twenty-five separate claims for relief in the Amended Application, including some with subparts. In his reply to the Pre-Answer Response Mr. Thomas agrees that he is asserting the twenty-five claims identified by Respondents. Those claims are the following:

1. "[i]nvalid waiver of rights[;] violation of Sixth Amendment right to a fair trial";

2. "*Brady* violation[;] non[-]disclosure of exculpatory evidence[;] violation of Sixth Amendment right to a fair trial[;] 14th Amendment due process";

3. "violation of 14th Amendment equal protection [–] disparate punishment for similarly situated";

4. "violation of fair notice doctrine rights";

5. "violation of Sixth Amendment right to a fair trial" because "evidence of the shell casings should have been suppressed";

6. "the district court's evidentiary rulings denied Mr. Thomas his compulsory process" by not admitting testimony that Mr. Thomas "should be the 'sacrificial lamb'";

7. ineffective assistance of trial counsel by (a) failing to investigate Mr. Thomas' mental state, (b) abandoning the defense of intoxication, (c) failing to object to a second trial, (d) refusing to introduce evidence falsely accusing Mr. Thomas, (e) failing to object to prosecutorial misconduct, (f) failing to object to the trial court's selection of an alternate black juror, (g) failing to request a lesser included offense instruction, (h) failing to object to perjured testimony, (i) failing to challenge Mr. Thomas' enhanced sentence, and (j) laboring under a conflict of interest because counsel previously worked for the El Paso County District Attorney's Office;

8. violation of double jeopardy when Mr. Thomas was retried after the first trial ended in mistrial due to insufficient evidence;

9. the prosecution knowingly used perjured testimony of Brian Melvin and Tiana Campbell;

10. violation of the Sixth Amendment's Confrontation Clause because of the admission of Tiana Campbell's DVD interview;

11. cumulative error resulting from ineffective assistance of trial and appellate counsel, insufficient evidence of Mr. Thomas' mens rea, and prosecutorial misconduct;

12. "the denial of counsel in [Mr. Thomas'] initial collateral proceedings was a denial of his Sixth Amendment right to a fair trial";

13. Mr. Thomas' sentence is illegal because the evidence was insufficient to sustain the jury's verdict of first degree assault, and "the fact that Colorado took an element of 1st degree assault serious bodily injury and use of a deadly weapon and used it to enhance his sentence" violates *Apprendi*;

14. the evidence was insufficient to sustain the jury's verdict beyond a reasonable doubt because the slugs that struck the victim were never

introduced;

15.     new evidence of the identity of the shooter establishes actual innocence;

16.     the prosecutor improperly commented on an evidentiary matter that only Mr. Thomas could have explained and on Mr. Thomas' right to not testify; further, counsel was ineffective for failing to object to the prosecutor's suggestion that Mr. Thomas was guilty because he was being prosecuted;

17.     Mr. Thomas "was denied 14th Amendment equal protection of laws and due process when the state courts denied his motion for counsel and a hearing, due to the newly discovered evidence of his mental status";

18.     "invalid waiver of right to testify";

19.     Mr. Thomas' "14th Amendment due process rights were violated because there was not an intoxication instruction";

20.     ineffective assistance of appellate counsel by: (a) failing to raise claims: (i) that Mr. Thomas' second trial was barred by double jeopardy; (ii) of prosecutorial misconduct; (iii) challenging lack of an intoxication instruction; (iv) challenging the lack of an accomplice instruction; (v) concerning a violation of Mr. Thomas' confrontation rights; and (b) failing to investigate: (i) the co-defendant's sentence; and (ii) Mr. Thomas' mental health;

21.     confessions by Tiana Campbell and Brian Melvin were involuntary and coerced;

22.     Mr. Thomas' rights to a fair trial and due process were violated because there was not an accomplice instruction;

23.     the jury twice rendered inconsistent verdicts, and the trial court erred in refusing to accept the verdicts and in twice ordering the jury to deliberate further;

24.     the reasonable doubt instruction violated Mr. Thomas' right to a fair trial; and

25.     the trial court violated Mr. Thomas' rights to a fair trial and due process when it denied his motion for a new trial.

Claim 25 is numbered in the Amended Application as "Claim 24" even though it follows

claim 16.  (*See* ECF No. 12 at 55.)  Respondents renumbered the claim as claim 25,

and the Court does the same, because the Amended Application already includes a

claim 24 in its natural sequence.

## II.  ONE-YEAR LIMITATION PERIOD

Respondents first argue that the Application is barred by the one-year limitation

period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period the Court first must determine the date on which Mr. Thomas' conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

As noted above, the Colorado Supreme Court denied Mr. Thomas' petition for writ of certiorari on direct appeal on August 16, 2010.  Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Thomas had ninety days to seek review in the United States Supreme Court but he did not do so.  The ninetieth day after August 16, 2010, was Sunday, November 14, 2010.  Therefore, the filing period extended one additional day until Monday, November 15, 2010.  *See* Sup. Ct. R. 30.1. As a result, Mr. Thomas' conviction became final on November 15, 2010, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.

Mr. Thomas did not initiate this action within one year after November 15, 2010. Therefore, the next question the Court must answer is whether the one-year limitation period was tolled for any period of time.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of

> any required filing fees; (3) the obtaining of any necessary
> judicial authorizations that are conditions precedent to filing,
> such as satisfying any filing preconditions that may have
> been imposed on an abusive filer; and (4) other conditions
> precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents concede that the one-year limitation period was tolled pursuant to § 2244(d)(2) while the first postconviction Rule 35(c) motion Mr. Thomas filed on March 4, 2011, was pending. However, the 108 days between November 15, 2010, and March 4, 2011, count against the one-year limitation period.

As noted above, the trial court denied the first Rule 35(c) motion on June 17, 2011, and the Colorado Court of Appeals affirmed the trial court's order on January 24, 2013. Mr. Thomas did not file either a petition for rehearing or a petition for writ of certiorari to the Colorado Supreme Court but the first postconviction Rule 35(c) motion

8

remained pending until the time to file a petition for writ of certiorari expired forty-two days later on March 7, 2013.  *See* C.A.R. 52(b)(3).

Respondents contend that the second postconviction Rule 35(c) motion Mr. Thomas filed on March 15, 2013, was not properly filed and did not toll the one-year limitation period because that motion was filed at a time when the trial court lacked jurisdiction to consider the motion.  *See Artuz*, 531 U.S. at 9 ("If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be *pending*, but not *properly filed.*").  Respondents argue in support of this contention that, under Colorado law, the filing of a notice of appeal divests the trial court of subject matter jurisdiction to entertain any motion for an order that affects the judgment; the Colorado Court of Appeals did not issue its mandate in connection with Mr. Thomas' appeal from the denial of his first Rule 35(c) motion until March 22, 2013; and Mr. Thomas filed the second Rule 35(c) motion on March 15, 2013, before the mandate issued returning jurisdiction to the trial court.  The Court is not persuaded.

Respondents are correct that the trial court lacked jurisdiction to consider the second Rule 35(c) motion while the prior appeal was pending.  *See People v. Jones,* 631 P.2d 1132, 1133 (Colo. 1981) (when an appeal is perfected, the trial court is divested of jurisdiction; but the trial court's jurisdiction is restored when the appellate court issues its mandate).  However, the trial court did not deny the second Rule 35(c) motion until April 12, 2013, which was after jurisdiction had been restored. Furthermore, the trial court did not deny the second Rule 35(c) motion based on a lack of jurisdiction and there is no mention in the order of the Colorado Court of Appeals affirming the denial of the second Rule 35(c) motion that the trial court lacked

9

jurisdiction.  Therefore, the Court concludes that the second Rule 35(c) motion was

properly filed and tolled the one-year limitation period pursuant to § 2244(d)(2)

beginning on March 22, 2013, when the trial court's jurisdiction to consider the motion

was restored.  That tolling continued until June 26, 2014, when the time expired for Mr.

Thomas to file a petition for writ of certiorari to the Colorado Supreme Court after the

Colorado Court of Appeals announced its opinion on May 15, 2014.  *See* C.A.R.

52(b)(3).  Because the instant action was filed shortly thereafter on July 14, 2014, the

Court finds that the action is timely.

### III.  EXHAUSTION OF STATE REMEDIES

Respondents concede that claim 23 is exhausted.  Respondents also concede

that Mr. Thomas raised claims 7(d) and 20(a)(i) as federal constitutional claims on

appeal to the Colorado Court of Appeals.  However, Respondents contend that claims

7(d) and 20(a)(i) are not exhausted because Mr. Thomas did not raise them in a petition

for writ of certiorari to the Colorado Supreme Court.  Respondents contend that the

remainder of Mr. Thomas' claims are unexhausted and procedurally defaulted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kan. State

Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See

Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v. Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

## A. Claims 7(d) and 20(a)(i)

The Court first will address Respondents' argument that claims 7(d) and 20(a)(i) are not exhausted because Mr. Thomas did not raise those claims in a petition for writ

11

of certiorari to the Colorado Supreme Court.  Respondents are correct that, in order to

exhaust state remedies, a claim must be presented to the state's highest court if review

in that court is available.  *See O'Sullivan*, 526 U.S. at 845.  However, "there is nothing in

the exhaustion doctrine requiring federal courts to ignore a state law or rule providing

that a given procedure is not available."  *Id.* at 847-48.  Therefore, if a state articulates

that a certain avenue for relief is not part of its standard appellate review process, it is

not necessary for a defendant to pursue that avenue in order to exhaust state remedies.

*See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court

is not part of the standard state appellate review process.  More specifically, the

Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction
> relief matters from or after July 1, 1974, a litigant shall not be
> required to petition for rehearing and certiorari following an
> adverse decision of the Court of Appeals in order to be
> deemed to have exhausted all available state remedies
> respecting a claim of error.  Rather, when a claim has been
> presented to the Court of Appeals or Supreme Court, and
> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1(a).  Pursuant to Colo. App. R. 51.1(a), the Court finds that review in

the Colorado Supreme Court is not required to exhaust state remedies if the claim in

question was presented fairly to, and relief was denied by, the Colorado Court of

Appeals.  *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787 (D.

Colo. Feb. 28, 2011).  As discussed above, Respondents concede that Mr. Thomas

fairly presented claims 7(d) and 20(a)(i) to the Colorado Court of Appeals and it is clear

that the Colorado Court of Appeals denied relief on those claims.

12

The Court is not persuaded by Respondents' argument that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1(a) eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court finds that claims 7(d) and 20(a)(i) are exhausted.

**B.  Claims 6 and 25**

Respondents maintain that claims 6 and 25 in the Amended Application are not exhausted because, although Mr. Thomas raised the claims on direct appeal, he raised them only as state law issues and not as federal constitutional claims. Mr. Thomas contends in claim 6 that his right to compulsory process was violated as a result of the trial court's evidentiary rulings excluding testimony that Mr. Thomas should be the sacrificial lamb. Mr. Thomas contends in claim 25 that the trial court violated his rights to a fair trial and due process when it denied his motion for a new trial.

In his opening brief on direct appeal Mr. Thomas raised four claims: a Fourth Amendment claim contending the police lacked probable cause to initiate a traffic stop; a claim challenging evidentiary rulings precluding testimony about two statements that Mr. Thomas should be the sacrificial lamb; a constitutional due process claim alleging the trial court erred by failing to accept inconsistent verdicts and, instead, sending the jury back for further deliberation; and a claim that the trial court erred by denying a

defense motion for a new trial based on the trial court's refusal to accept inconsistent verdicts.

The Court agrees with Respondents that Mr. Thomas did not fairly present to the state courts on direct appeal the federal constitutional issues he raises in claims 6 and 25 in the Amended Application. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66. Thus,

> [a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The Court's review of Mr. Thomas' opening brief on direct appeal demonstrates that, although Mr. Thomas raised claims similar to claims 6 and 25 in the Amended Application, he did not label or otherwise identify those claims as federal claims on direct appeal. (*See* ECF No. 20-2.) The failure to identify either claim as a federal constitutional claim stands in stark contrast to Mr. Thomas' explicit references to the United States Constitution in connection with two other claims in his opening brief on direct appeal. (*See* ECF No. 20-2 at 7, 14-15.) Mr. Thomas did include in his opening brief a reference to a "fair trial" in the context of his claim challenging evidentiary rulings. (*See* ECF No. 20-2 at 12.) However, a brief reference to a "fair trial" is not sufficient to demonstrate he fairly presented the claim to the Colorado Court of Appeals as a federal

14

constitutional claim.  *See Gray v. Netherland*, 518 U.S. 152, 163 (1996) (stating that a general appeal to a broad constitutional guarantee such as due process does not satisfy the exhaustion requirement).  Therefore, the Court finds that Mr. Thomas fails to satisfy his burden of demonstrating the constitutional issues presented in claims 6 and 25 in the Amended Application are exhausted.

## C.  All Other Claims

Respondents contend, and the Court's review of the state court briefs confirms, that Mr. Thomas did not fairly present any of his remaining claims to the Colorado appellate courts.  The Colorado Court of Appeals, in the state court postconviction proceedings, determined that the only claims appropriate for review were Mr. Thomas' claims "that trial counsel was ineffective for failing to (1) introduce letters from Ali, Sr. to Ali, Jr. stating that defendant should be blamed for the shooting; and (2) introduce a witness's recorded statement in which she claimed that defendant was not the shooter" and his claims that "appellate counsel was ineffective for failing to . . . argue that (1) [defendant's] retrial violated double jeopardy; and (2) the trial court erred in excluding Ali, Sr.'s statements as irrelevant and inadmissible under CRE 403."  (ECF No. 20-8 at 7-8, 13.)  These are the claims and arguments Respondents have identified as claims 7(d) and 20(a)(i) that the Court has determined are exhausted.  The Colorado Court of Appeals determined that the other claims Mr. Thomas raised on appeal from the denial of his first postconviction Rule 35(c) motion were not appropriate for review because the claims were abandoned, improperly raised for the first time on appeal, or could have been raised on direct appeal.  (*See id.* at 4-8.)  Similarly, the Colorado Court of Appeals affirmed the trial court's denial of Mr. Thomas' second postconviction Rule 35(c) motion

as successive because the sixteen claims Mr. Thomas raised in the second Rule 35(c)

motion "were, or could have been, raised and resolved in a prior appeal or

postconviction proceeding."  (ECF No. 20-11 at 6.)

Mr. Thomas apparently concedes that his remaining claims were not fairly

presented to the Colorado appellate courts because he does not argue otherwise.

Therefore, the Court finds that he fails to satisfy his burden of demonstrating any claims

other than claims 7(d), 20(a)(i), and 23 are exhausted.

## IV.  PROCEDURAL DEFAULT

Although Mr. Thomas fails to demonstrate he has exhausted state remedies for

any claims other than claims 7(d), 20(a)(i), and 23, the Court may not dismiss the claims

for failure to exhaust state remedies if Mr. Thomas no longer has an adequate and

effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  Furthermore,

federal courts "do not review issues that have been defaulted in state court on an

independent and adequate state procedural ground, unless the default is excused

through a showing of cause and actual prejudice or a fundamental miscarriage of

justice."  *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998).  Even if an

unexhausted claim has not actually been raised and rejected by the state courts, the

claim still is subject to an anticipatory procedural default if it is clear that the claim would

be rejected because of an independent and adequate state procedural rule.  *See*

*Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than

federal law, as the basis for the decision."  *English v. Cody*, 146 F.3d 1257, 1259 (10th

Cir. 1998).  A state procedural ground is adequate if it is "applied evenhandedly in the

vast majority of cases." *Id.* Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730.

Respondents contend, and the Court agrees, that Mr. Thomas no longer has an adequate and effective state remedy available to him. As the Colorado Court of Appeals determined with respect to a number of Mr. Thomas' claims, Rule 35(c)(3)(VII) of the Colorado Rules of Criminal Procedure provides that, with limited exceptions not applicable to Mr. Thomas, the state courts must dismiss any claim that could have been presented in a prior appeal or postconviction proceeding. In addition, even if Mr. Thomas' claims in this action were not actually rejected by the Colorado Court of Appeals as successive, the same rule would prevent Mr. Thomas from raising any other unexhausted claims in another successive postconviction motion. Furthermore, any attempt by Mr. Thomas to file another postconviction Rule 35(c) motion in state court would be untimely. *See* Colo. Rev. Stat. § 16-5-402 (providing that a defendant convicted of felony other than a class 1 felony has three years to seek relief under Rule 35(c) unless he establishes good cause).

The Court notes that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Crim P. Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior proceeding). Colorado's statute of limitations for collateral attacks also is an independent and adequate state procedural ground. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Finally, Mr. Thomas presents no argument that these state

procedural rules are not independent and adequate.

Therefore, the unexhausted claims are procedurally defaulted and cannot be considered unless Mr. Thomas demonstrates either cause and prejudice or a fundamental miscarriage of justice.  Mr. Thomas' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Thomas must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).  If Mr. Thomas can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law."  *Coleman*, 501 U.S. at 750.

Mr. Thomas argues with respect to claims 6 and 25 that counsel on direct appeal was ineffective by failing to raise those claims as federal constitutional claims.  He apparently argues that other, unspecified, claims also were not fairly presented to the state courts because counsel was ineffective.

Mr. Thomas is correct that ineffective assistance of counsel can constitute cause to excuse a procedural default in some circumstances.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  However, Mr. Thomas cannot demonstrate cause for a procedural default premised on ineffective assistance of counsel unless the ineffective

assistance of counsel claim first is raised as an independent constitutional claim in state court.  *See id.*  Mr. Thomas fails to demonstrate that he has fairly presented to the state courts a claim that counsel on direct appeal was ineffective by failing to raise claims 6 and 25 as federal constitutional claims.  Therefore, Mr. Thomas cannot rely on direct appeal counsel's alleged ineffectiveness to demonstrate cause for his procedural default of claims 6 and 25.  Mr. Thomas did raise and exhaust a claim that direct appeal counsel was ineffective by failing to argue his retrial violated double jeopardy.  The underlying double jeopardy claim is claim 8 in the Amended Application.  The Court will defer consideration of whether Mr. Thomas can establish prejudice with respect to claim 8, and whether claim 8 is procedurally barred, until the parties brief the merits of that claim.

Mr. Thomas next argues that he can demonstrate cause for his procedural default of the claims deemed abandoned on appeal from the denial of his first Rule 35(c) motion based on his mental health status and ineffective assistance of counsel, although it does not appear that Mr. Thomas was represented by counsel in the state court postconviction proceedings.  The Court is not persuaded by this argument because Mr. Thomas fails to identify with particularity which of the twenty-five claims in the Amended Application are among the fourteen claims the Colorado Court of Appeals deemed abandoned on appeal from the denial of the first Rule 35(c) motion.  Furthermore, Mr. Thomas' vague and conclusory allegation regarding his mental health status is not sufficient to demonstrate cause for his procedural default.  *See Bishop v. Colorado*, 12 F. App'x 807, 809 (10th Cir. 2001) (allegation of chronic mental health disorder is not enough to demonstrate cause to overcome procedural default).  In

addition, the Court is not persuaded that Mr. Thomas' mental health status impeded his ability to comply with the pertinent state procedural rules because he managed to fairly present at least two claims to the Colorado Court of Appeals in the postconviction proceedings.

With respect to the alleged ineffective assistance of counsel, Mr. Thomas specifically relies upon the Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court held as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

It is not clear whether the holding in *Martinez* is applicable to this action because Mr. Thomas does not identify with particularity any substantial ineffective assistance of trial counsel claims to which *Martinez* arguably might apply. More importantly, the Court finds that the holding in *Martinez* is not applicable because the abandoned claims were defaulted on appeal from the denial of Mr. Thomas' first Rule 35(c) motion and not in an initial-review collateral proceeding. Prior to *Martinez*, the Supreme Court held that an attorney's errors on appeal from an initial-review collateral proceeding do not qualify as cause for a procedural default, *see Coleman*, 501 U.S. at 757, and the Supreme Court in *Martinez* reaffirmed that holding:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of

20

> proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.  It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Martinez*, 132 S. Ct. at 1320 (emphasis added, citation omitted).  Although Mr. Thomas apparently relies on the absence of counsel on appeal from the denial of his first Rule 35(c) motion rather than ineffective assistance of counsel, the end result is the same: Mr. Thomas cannot rely on *Martinez* to demonstrate cause for his procedural default of the abandoned claims because the claims were abandoned on appeal from the denial of an initial-review collateral proceeding.

Mr. Thomas next argues that he can demonstrate cause with respect to claims defaulted in the proceedings relevant to his second Rule 35(c) motion based on ineffective assistance of counsel, a lack of transcripts, and his mental health status. However, Mr. Thomas again fails to identify with particularity which of the twenty-five claims in the Amended Application were defaulted in the state court proceedings relevant to his second Rule 35(c) motion; he cannot demonstrate cause based on the absence of counsel or the ineffective assistance of counsel in successive postconviction proceedings, *see Martinez*, 132 S. Ct. at 1320; he fails to identify the transcripts he lacked or why he did not have access to transcripts; and his vague and conclusory allegation regarding his mental health status is not sufficient to demonstrate cause, *see Bishop*, 12 F. App'x at 809.  Furthermore, Mr. Thomas fails to explain how any of these factors impeded his ability to comply with the pertinent Colorado procedural rule barring

successive postconviction motions.  Therefore, Mr. Thomas also fails to demonstrate cause for whatever claims were procedurally defaulted in his successive Rule 35(c) motion.

Finally, Mr. Thomas makes a brief and vague reference to actual innocence in his reply to the Pre-Answer Response that apparently corresponds with claim 15 in the Amended Application.  Mr. Thomas contends in claim 15 that new evidence of the identity of the shooter establishes his actual innocence.  The new evidence to which Mr. Thomas refers is a letter dated January 2012 that he received from a co-defendant, Krishna Ali, Jr., stating in relevant part that Mr. Ali, Jr., knows Mr. Thomas is innocent. (*See* ECF No. 11 at 3-7.)

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496.  A credible claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "The *Schlup* standard is demanding and permits review only in the extraordinary case."  *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted).  Under *Schlup*, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  *Id.* at 536-37 (quoting *Schlup*, 513 U.S. at 327)).

The new evidence on which Mr. Thomas relies does not demonstrate this is the

sort of extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent.  The Supreme Court has noted in the context of a motion for a new trial premised on newly discovered evidence that "motions based solely upon affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations."  *Herrera v. Collins*, 506 U.S. 390, 417 (1993).  In this case, the only newly discovered evidence Mr. Thomas has presented is an unsworn letter.  The reliability of the letter is further diminished by the fact that the letter was written a number of years after Mr. Ali, Jr., was convicted and no longer subject to prosecution.  *See Allen v. Yukins*, 366 F.3d 396, 405 (6th Cir. 2004) ("[P]ostconviction statements by codefendants are inherently suspect because codefendants may try to assume full responsibility for the crime without any adverse consequences.").

Finally, consideration of the evidence against Mr. Thomas also demonstrates this is not the sort of extraordinary case in which a constitutional violation has probably resulted in the conviction of one who is actually innocent.  According to the Colorado Court of Appeals, the evidence at Mr. Thomas' second trial mirrored the following evidence introduced by the prosecution at his first trial:

> defendant said he was going to "merk" the victim on the night of the shooting; defendant went to the victim's house armed with a .40 caliber handgun; the victim was shot twice outside his house; empty shell casings from defendant's gun were recovered from the crime scene; and defendant tested positive for gunshot residue.

(ECF No. 20-8 at 7-8.)  The Court's review of the state court record confirms the accuracy of the state court's summary of the evidence presented against Mr. Thomas.

In light of this evidence, which the state court determined was sufficient to sustain Mr. Thomas' conviction for first degree assault, the newly discovered evidence does not demonstrate it is more likely than not that no reasonable juror would have found Mr. Thomas guilty of first degree assault beyond a reasonable doubt.  The Court also notes that Mr. Thomas was charged under a complicity theory and he fails to demonstrate actual innocence of being a complicitor.  *See United States v. Sorrells*, 145 F.3d 744, 752 (5th Cir. 1998) (because aiding and abetting issue was properly before the jury, movant in §2255 case was not entitled to relief based on actual innocence unless he demonstrates factual innocence under aiding and abetting theory of liability); *Diaz-Pabon v. Warden*, 160 F. Appx. 251, 254 (3d Cir. 2005) (same); *Young v. Goeke*, No. 93-2897, 1994 WL 175899 at *1 (8th Cir. May 11, 1994) (unpublished) ("[t]o the extent that [defendant] challenges her liability as an accomplice, she is making a legal argument and not a showing of actual innocence.").

For these reasons, the Court finds that Mr. Thomas cannot demonstrate a failure to consider his procedurally defaulted claims will result in a fundamental miscarriage of justice.  As a result, those claims are procedurally barred and must be dismissed.

In summary, the Court rejects Respondents' argument that the Amended Application is time-barred.  With respect to exhaustion, Respondents concede that claim 23 is exhausted and the Court rejects Respondents' argument that claims 7(d) and 20(a)(i) are unexhausted.  Although the Court agrees that claim 8 is unexhausted, the Court defers consideration of whether claim 8 is procedurally barred until the parties brief the merits of that claim.  The Court will dismiss all remaining claims as unexhausted and procedurally barred.  Accordingly, it is

24

ORDERED that, with the exception of claims 7(d), 8, 20(a)(1), and 23, Applicant's claims in the Amended Application are DISMISSED because the claims are unexhausted and procedurally barred.  It is further

ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the remaining claims.  It is further

ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.

DATED June 5, 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court