IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01950-LTB

DEMETRIUS THOMAS,

      Applicant,

v.

TRAVIS TRANI, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

## ORDER DENYING MOTION FOR DISCOVERY

This matter is before the Court on the "Motion for Discovery P[ur]suant to Rule 6" (ECF No. 44) filed August 24, 2015, by Applicant, Demetrius Thomas. The Court must construe the motion liberally because Mr. Thomas is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

Mr. Thomas is challenging the validity of his Colorado state court criminal conviction in El Paso County District Court case number 07CR308. He was convicted of first degree assault and a violent crime sentence enhancer based on his participation in a drive-by shooting. On September 2, 2014, he filed an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 12) that raises twenty-five claims for relief, including some with subparts. The Court previously entered an

Order to Dismiss in Part (ECF No. 36) dismissing most of Mr. Thomas' claims as unexhausted and procedurally barred.  Only claims 7(d), 8, 20(a)(i), and 23 remain to be considered on the merits.  Mr. Thomas contends in claim 7(d) that trial counsel was ineffective for failing to (1) introduce letters from Krisha Ali, Sr. to Krisha Ali, Jr. stating Mr. Thomas should be blamed for the shooting and (2) introduce a witness's recorded statement in which she claimed Mr. Thomas was not the shooter.  Claim 8 is a double jeopardy claim in which Mr. Thomas argues he should not have been retried after his first trial ended in a mistrial.  He alleges in claim 20(a)(i) that appellate counsel was ineffective for failing to argue that his retrial violated double jeopardy.  Mr. Thomas finally contends in claim 23 that his constitutional rights to due process and a fair trial were violated because the jury twice rendered inconsistent verdicts and the trial court erred in refusing to accept the verdicts and in twice ordering the jury to deliberate further.

     Mr. Thomas now seeks leave to conduct discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.  He specifically seeks discovery to demonstrate: (1) the prosecution suborned perjured testimony from the victim; (2) there was a plan to frame Mr. Thomas for the shooting; and (3) letters from Krisha Ali, Jr., to Mr. Thomas stating Mr. Thomas is innocent existed prior to his trial.

     Rule 6(a) provides in relevant part that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  "'[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate

that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Mr. Thomas fails to demonstrate good cause for his request to conduct discovery because the evidence he seeks to discover is not relevant to his remaining claims. Furthermore, even if the evidence was relevant to claim 7(d), the Court must review that claim pursuant to 28 U.S.C. § 2254(d) because the state courts adjudicated claim 7(d) on the merits. Under § 2254(d)(1) the Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Similarly, review under § 2254(d)(2) is limited to determining whether the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, it is

**ORDERED** that the "Motion for Discovery P[ur]suant to Rule 6" (ECF No. 44) is DENIED.

DATED August 27, 2015.

                                             BY THE COURT:

                                             s/Lewis T. Babcock
                                             LEWIS T. BABCOCK
                                             United States District Judge